Filed 7/30/26  P. v. McGhee CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B350648 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XSCTA031198) |
| v. | |
| HAROLD JAMAAL MCGHEE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Harold Jamaal McGhee appeals from a trial court order denying his petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1) (section 1170(d)(1)).[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). McGhee filed a supplemental brief arguing the trial court erred in denying his petition. We consider McGhee's contentions and affirm the trial court order.

**FACTUAL AND PROCEDURAL BACKGROUND**

McGhee was convicted of first degree murder with firearm use for a crime he committed in 1994, when he was 17 years old. He was sentenced to 29 years to life. In 2024, McGhee filed a petition under section 1170(d)(1), seeking recall of his sentence and resentencing. The People opposed the petition, arguing McGhee was ineligible for relief because he was not sentenced to the functional equivalent of life without the possibility of parole. Among other things, the People pointed out that McGhee had received several parole hearings. The trial court denied the petition.

McGhee timely appealed. His court-appointed appellate counsel filed an opening brief that raised no issues pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellate counsel to send McGhee the record and a copy of the opening brief. We additionally advised that within 30 days of the date of the notice, McGhee could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. McGhee timely submitted a supplemental brief.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

In his supplemental brief, McGhee argues the trial court order denying his section 1170(d)(1) petition violated his state and federal constitutional rights to equal protection. In related arguments, he appears to assert that his counsel was ineffective for failing to raise the equal protection argument he has identified.[2] We find no trial court error and no basis for an ineffective assistance of counsel claim.

Under section 1170(d)(1), "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

McGhee was not sentenced to life without the possibility of parole. However, in the trial court, and presumably again on appeal, he has argued he is nonetheless eligible to apply for relief pursuant to section 1170(d)(1) because his sentence of 29 years to life is the functional equivalent of life without parole. McGhee relies on *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), to support his argument.

In *Heard*, the court concluded that an aggregate sentence of 103 years to life imposed on a juvenile offender was the functional equivalent of life without parole. (*Heard, supra,* 83 Cal.App.5th at p. 614.) The *Heard* court held the defendant was thus similarly situated to juvenile offenders sentenced to life without parole who are eligible for relief under section 1170(d)(1).

---

[2] It is unclear if McGhee is referring to his trial counsel or appellate counsel, although he requests that this court appoint new counsel to brief the equal protection issue.

3

(*Heard*, at pp. 628–631.)  The court concluded that denying the defendant the opportunity to petition for relief under section 1170(d)(1) violated his equal protection rights.  (*Heard*, at pp. 633–634.)

The Courts of Appeal have since issued conflicting decisions about whether denying eligibility for section 1170(d)(1) relief to a juvenile offender sentenced to a term that is lengthy but does not exceed the offender's natural life expectancy violates equal protection guarantees, and whether a juvenile offender serving a lengthy sentence who is eligible for youth offender parole is serving a sentence that is the functional equivalent of life without parole within the meaning of section 1170(d)(1).  The California Supreme Court will have the final say on these issues.  (See, e.g., *People v. Thompson* (2025) 112 Cal.App.5th 1058, rev. granted Sept. 24, 2025, S292540; *People v. Munoz* (2025) 110 Cal.App.5th 499, rev. granted June 25, 2025, S290828; *People v. Isayev* (2025) 113 Cal.App.5th 1117, rev. granted Nov. 12, 2025, S292860; *People v. Ortega* (2025) 111 Cal.App.5th 1252, rev. granted Sept. 17, 2025, S292070; see also *People v. Cabrera* (2025) 111 Cal.App.5th 650.)

However, no court has concluded that a juvenile offender serving a sentence of 29 years to life, or any sentence of similar length, is eligible for section 1170(d)(1) relief, under any theory. (See *People v. Olmos* (2025) 109 Cal.App.5th 580, 583 [33 years to life is not the functional equivalent of life without parole for § 1170(d)(1) purposes].)  Further, while in *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*), the California Supreme Court concluded that a sentence of 50 years to life is the functional equivalent of life without parole when imposed on a juvenile non-homicide offender for Eighth Amendment purposes, no California

4

court has reached that conclusion as to a sentence similar to McGhee's, which is under 30 years to life. (*Olmos*, at p. 583 [33-years-to-life sentence not the functional equivalent of life without parole]; *People v. Perez* (2013) 214 Cal.App.4th 49, 51, 58 [30-years-to-life sentence and eligibility for parole at age 47 not the functional equivalent of life without parole].)

Indeed, the reasoning of *Contreras*, and the United States Supreme Court authority on which it relies, does not apply to a defendant whose sentence affords him the opportunity for release at 46 years old, at the latest. The *Contreras* court reasoned that, to be consistent with *Graham v. Florida* (2010) 560 U.S. 48, a sentence imposed on a juvenile non-homicide offender must provide a "sufficient period to achieve reintegration as a productive and respected member of the citizenry"; give an incentive for the juvenile offender to become a responsible individual; and provide a realistic hope of release. (*Contreras*, *supra*, 4 Cal.5th at p. 368; see *id*. at pp. 367–369, 373.) Parole eligibility after 29 years provides all these things and, indeed, McGhee has *already* been considered for parole.

Accordingly, the trial court did not err in rejecting McGhee's petition for recall and resentencing under section 1170(d), and his counsel was not ineffective for declining to argue otherwise.

## DISPOSITION

The trial court order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, Acting P. J.

We concur:

HANASONO, J.

ASHWORTH, J.*

---

\* Retired Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.